IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARJORIE CHILDRESS

    Plaintiff,

vs.                                                                         No. CIV 20-0136 JB\JHR

DESILVA AUTOMOTIVE SERVICES, LLC;
PALMER ADMINISTRATIVE SERVICES, INC.;
VAJIRA SAMARATNE; and
PAYLINK PAYMENT PLANS, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for Entry of Judgment, filed July 29, 2020 (Doc. 47)("Motion"). The Court held a hearing on August 27, 2020. The primary issues are: (i) whether the Court must enter Judgment in Plaintiff Marjorie Childress' favor following her acceptance of the Defendants Palmer Administrative Services, Inc., Paylink Payment Plans, LLC, DeSilva Automotive Services LLC and Vajira Samararante's [sic] Rule 68 Offer, filed July 21, 2020 (Doc. 46-1)("Offer of Judgment"), under rule 68 of the Federal Rules of Civil Procedure; (ii) whether the Court must specify a post-judgment interest rate in the Judgment; (iii) whether the Defendants' Offer of Judgment under rule 68 includes costs and attorney's fees; and (iv) whether the Defendants are entitled to a statement in the Judgment that they do not admit liability on Childress' claims under the Telephone Consumer Protect Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 ("TCPA"). The Court concludes that: (i) rule 68 entitles Childress to an entry of Judgment; (ii) the Court specifies a post-judgment interest rate, because the TCPA provides for post-judgment interest; (iii) the Defendants' Offer of Judgment includes costs and attorney's fees; and (iv) Defendants are entitled to a statement in the Judgment that they do not admit liability.

**FACTUAL BACKGROUND**

Childress contends that Defendants DeSilva Automotive, Vajira Samaratne, Palmer Administrative Services, Inc. ("Palmer Services"), and Paylink Payment Plans, LLC ("Paylink Payment"), are engaged in an "autodialing conspiracy." Complaint at 10, filed February 17, 2020 (Doc. 1). Childress alleges that DeSilva Automotive, under Samaratne's direction, either is operating its own call-center or has contracted with a marketing company, to initiate "hundreds of thousands or millions of unlawful robocalls into the State of New Mexico" to market vehicle service contracts ("VSCs"). Complaint ¶ 22, at 5. See id. ¶ 23, at 5-6. Childress alleges that Palmer Services administers these contracts, see Complaint ¶ 23, at 24, and that Paylink Payment "finances the purchase price of Palmer Service's VSCs sold to customers by DeSilva's telemarketing," Complaint ¶ 24, at 12. Childress alleges that DeSilva Automotive and Samaratne direct these calls primarily to elderly New Mexico residents. See Complaint ¶ 31, at 13.

Childress further alleges that Paylink Payment "knows that many of the VSCs it chooses to finance are sold via unsolicited phone calls including robocalls, and that the sellers would not be able to sell the VSCs or even profitably engage in robocalling without the substantial assistance and support of Paylink's services[.]" Complaint ¶ 32, at 13. Childress alleges that Paylink Payment "chooses" not to supervise those who market its services and instead "remain[s] willfully or consciously ignorant of whether or not the marketers" comply with state and federal law. Complaint ¶ 33, at 13. Childress says, however, that "numerous" complaints have brought the robocalling practices to Paylink Payment's attention. Complaint ¶ 31, at 6-7.

Childress says that she owns a cellular telephone ("cellphone") with a New Mexico area code. See Complaint ¶ 48, at 10. Childress' cellphone number is on the National Do-Not Call

Registry ("Registry"), and Childress "never consented" to robocalls from the Defendants. Complaint ¶ 58, at 12. See id. ¶ 56, at 12. DeSilva Automotive, under Samaratne's direction and control, "ha[s] repeatedly called Plaintiff's wireless phone with an automatic telephone dialing system." Complaint ¶ 49, at 10. Childress received all these calls over a twelve-month period. See Complaint ¶ 65, at 12. Childress contends that DeSilva Automotive called her via autodialer, because "whenever she answered one of these calls she was greeted by an artificial voice or pre-recorded message that told her [that] her auto warranty was about to expire and she should press '1' to speak to a live telemarketer about it." Complaint ¶ 50, at 11. The use of artificial or pre-recorded voices to greet consumers who answer telephone calls is "a tell-tale indicator of mass-marketing by automation as opposed to human-made calls." Complaint ¶ 51, at 11. When Childress requested to speak with a live telemarketer, the live telemarketer never identified the call's sponsor within fifteen seconds of Childress answering "or at any other time." Complaint ¶ 53, at 11. "After months of repeated robocall harassment," Childress spoke with a live telemarketer and purchased a VSC "so she could actually identify Defendants." Complaint ¶ 54, at 11. Childress later received a "VSC booklet" that identified "DeSilva and its co-conspirators," Paylink Payment and Palmer Services. Complaint ¶ 55, at 11-12. Childress says that the Defendants' calls "aggravated and harassed [her], wasted her time, invaded her privacy, disrupted her days, were an obnoxious nuisance, cost her money to identify Defendants, and cost her electricity to re-charge her phone." Complaint ¶ 60, at 12. Childress alleges that the Defendants knowingly and willfully called her even though her cellphone number is on the Registry. See Complaint ¶ 73, at 14.

**PROCEDURAL BACKGROUND**

Childress alleges five claims for relief.  See Complaint ¶¶ 80-91, at 16-17.  First, Childress alleges that the Defendants violated the TCPA, 47 U.S.C. § 227(b).  See Complaint ¶ 80, at 16.  Second, Childress alleges that the Defendants violated the TCPA, 47 U.S.C. § 227(c), because the Defendants called her more than once in a twelve-month period.  See Complaint ¶ 82, at 16.  Third, Childress asserts a common-law claim for trespass to chattels "and for their civil conspiracy to direct an illegal telemarketing campaign into the State of New Mexico and to Plaintiff in particular."  Complaint ¶ 84, at 16.  Fourth, Childress alleges that the Defendants violated the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1 to -26 ("NMUPA").  See Complaint ¶¶ 87-91, at 17.  Specifically, Childress alleges that each of the Defendants' calls to her violate N.M. Stat. Ann. § 57-12-22(A), (B)(1), and (C)(1).  See Complaint ¶¶ 88-89, at 17.  Childress contends that, for each of her claims, DeSilva Automotive is directly liable for its telephone calls to Childress, and that Samaratne, Paylink Payment, and Palmer Services are vicariously liable, because DeSilva Automotive acted as their agent.  See Complaint ¶¶ 72-73, at 14.

On July 10, 2020, the Defendants submitted a notice that they had made an offer of judgment under rule 68.  See Notice of Offer of Judgment at 1, filed July 10, 2020 (Doc. 45).  In their Offer of Judgment, the Defendants "offer to allow judgment to be taken against Defendants in this matter in the sum of $25,000.00," which "includes all sums for reasonable attorneys' fees incurred to date."  Offer of Judgment at 1.  The Defendants further state that neither the Offer of Judgment "nor any judgment that may result from this offer may be construed either as an admission of liability of the part of Defendants or that Plaintiff has suffered any damage."  Offer of Judgment at 1.  Childress submitted a notice that she had accepted the Defendants' Offer of

Judgment on July 21, 2020.  See Notice Accepting Offer of Judgment at 1, filed July 21, 2020 (Doc. 46)("Acceptance").  In the Acceptance, Childress asserts that rule 68 provides that the "'clerk must then enter judgment,'" and requested that the "Clerk of Court enter a Judgment against the Defendants for $25,000.00 plus post-judgment interest at the statutory rate."  Acceptance at 1 (quoting Fed. R. Civ. P. 68(a)).  Childress has since attempted to have the Clerk of Court enter Judgment in her favor, but the Clerk of Court has sought the Court's guidance in disposing of Childress' request.  See Motion at 1.

### 1. **The Motion.**

On July 29, 2020, Childress asked that the Court enter Judgment in her favor.  See Motion at 1.  Childress asserts that she "has made a good-faith request for concurrence of defense counsel as to the relief requested," but that the Defendants "will not approve a form of Judgment to be submitted to the Court for entry, despite having served a Rule 68 Offer of Judgment."  Motion at 1.  In her proposed form of Judgment, Childress avers that "Judgment should be entered in accordance with [rule] 68," and that "[t]here is no just reason for delay."  Proposed Final Judgment at 1, filed July 29, 2020 (Doc. 47-1)("Childress' Proposed Judgment").  She further proposes that the Court enter Judgment in her favor "in the amount of **$25,000.00**, which shall earn and bear 8.75% simple per annum interest until paid."  Childress Proposed Judgment at 1 (emphasis in original).

### 2. **The Response.**

The Defendants responded on August 12, 2020.  See Defendants' Response to Plaintiff's Motion for Entry of Judgment at 1, filed August 12, 2020 (Doc. 49)("Response").  They assert that the proposed Judgment which Childress submitted to them "included objectional language," such

as that there is no just reason for delay. Response at 2. They further assert that Childress' Proposed Judgment does not mirror their rule 68 Offer of Judgment, because: (i) "it includes a reference to post-judgment interest not included in the offer"; (ii) "it fails to specify that the $25,000.00 is inclusive of attorney fees and costs"; (iii) "it fails to include that the judgment is not an admission of liability on the part of Defendants or that Plaintiff has suffered any damage"; and (iv) "it states that '[t]here is no just reasons for delay.'" Response at 2 (quoting Childress' Proposed Judgment at 1).

The Defendants say that they told Childress that "they were not aware of any requirement for the parties to file a motion with the Court to enter judgment, and that it is up to the Court to enter judgment in the matter now that Plaintiff has accepted their offer." Response at 3. They assert that they "disagreed with Plaintiff filing the frivolous motion and the proposed judgment because Plaintiff is essentially blaming the Court for the delay of entry of judgment." Response at 3. They aver that they "would have had no issue if the clerk wanted the parties to agree to and submit a judgment before entering a judgment," but they assert that they now contest Childress' Proposed Judgment, because "she was resorting to unnecessary motion practice that ignored rule 68's requirements." Response at 3.

The Defendants assert that parties need not submit any form or proposed judgment after a plaintiff accepts a rule 68 offer, "because the clerk can only enter judgment according to the terms outlined in the offer of judgment served by Defendants." Response at 3. They assert that rule 68 leaves the Court with no discretion to rescind or modify the Defendants Offer, and that a judgment's entry is a ministerial act. See Response at 3-4 (citing Webb v. James, 147 F.3d 617, 621 (7th Cir. 1998)). They thus argue that Childress' Motion is improper, because any rule 68

Judgment must mirror exactly the Offer's terms.  See Response at 4.  They stress that "they do not oppose the clerk entering judgment as outlined in the offer of judgment," and so include "a proposed judgment that mirrors the offer of judgment for the clerk to enter."  Response at 4.

### 3. **The Reply.**

Childress replies and asserts that she "made an inquiry of this Court's clerks" whether the Clerk would enter Judgment, but that the Clerk "wanted guidance from the Court whether it should enter a judgment."  Reply to the Response to Motion for Entry of Judgment at 1, filed August 14, 2020 (Doc. 50)("Reply").  She says that she sought the Defendants' cooperation in drafting a proposed Judgment, but that the Defendants "refused to cooperate."  Reply at 1.  She says that the Defendants "could have advised [her] that they believed the proposed Judgment should not provide for statutory post-judgment interest," but she contends that the Defendants instead "just flatly refused to cooperate."  Reply at 1.  Childress then contends that post-judgment interest is mandatory under 28 U.S.C. § 1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.'"  Reply at 2 (quoting 28 U.S.C. § 1961(a)).

## ANALYSIS

The Court concludes that Childress is entitled to a Judgment of $25,000.00, an amount which includes attorney's fees and costs incurred when the Defendants made the Offer of Judgment.  The Court the also concludes that Childress is entitled to post-judgment interest, because the TCPA so provides.  Last, the Court concludes that, because the Defendants' Offer of Judgment includes a disclaimer of liability, the Defendants are entitled to a statement to that effect in the Judgment.

I.  **THE DEFENDANTS' OFFER OF JUDGMENT INCLUDES ATTORNEY'S FEES AND COSTS ACCRUED BY JULY 10, 2020.**

"The purpose of Rule 68 is to encourage settlement of litigation." Johnston v. Penrod Drilling Co., 803 F.2d 867, 869 (5th Cir. 1986). A rule 68 judgment's contents are a function of the rule 68 offer's terms and the underlying case's cause of action. Rule 68 provides:

> **(a)  Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> **(b)  Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> **(c)  Offer After Liability is Determined.** When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time -- but at least 14 days -- before the date set for a hearing to determine the extent of liability.
>
> **(d)  Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68 (bold in original). The Supreme Court of the United States of America has explained that the phrase "with the costs accrued" means: (i) attorney's fees are included in costs if an underlying statute defines costs to include attorney's fees; and (ii) defendants can make lump sum offers that do not distinguish between a plaintiff's claims and the plaintiff's costs. Marek v. Chesny, 473 U.S. 1, 6, 10 (1985). The Supreme Court has stated:

> The critical feature of [rule 68's "costs accrued" language] is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.* In other words, the drafters' concern was not so much with the particular components of offers, but

> with the *judgments* to be allowed against defendants. If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs[.]

Marek v. Chesny, 473 U.S. at 6 (emphasis in original). Accordingly, "'as long as the offer does not implicitly or explicitly provide that the judgment does not include costs' an offer is valid and presumes the defendant will pay costs." Le v. Univ. of Penn., 321 F.3d 403, 409 (3d Cir. 2003)(quoting Marek v. Chesny, 473 U.S. at 6). Finally, extrinsic evidence is irrelevant in construing a rule 68 offer; all that matters are the offer's terms. See Lima v. Newark Police Dep't, 658 F.3d 324, 331 (3d Cir. 2011).

In Lima v. Newark Police Department, against the plaintiffs' claims under 42 U.S.C. §§ 1983 and 1988, the defendants made an offer under rule 68 which stated:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants City of Newark (and improperly pled "Newark Police Department"), and Garry McCarthy, hereby offers [sic] to allow Judgment to be entered against these defendants in this action in the amount of $55,000.00, including all of Plaintiff's claims for relief against all defendants, including those not represented by this counsel. This offer of judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, and is not to be construed as either an admission that any of the defendants are liable in this action, or that the Plaintiff has suffered any damage. This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs (which includes counsel fees that could be awarded pursuant to statute).

Lima v. Newark Police Dep't., 658 F.3d at 327. The defendants then wrote a Magistrate Judge that their offer "was not designed to expose the citizens of the City of Newark to any further expense other than the $55,000 offered. If the Plaintiff intends to seek costs and attorney's fees, the Defendants seek immediate relief and clarification from your honor." 658 F.3d at 328. The United States Court of Appeals for the Third Circuit concluded that the offer's "catchall phrase

- 9 -

'all of Plaintiff's claims for relief' *explicitly* covers attorney's fees and costs," and so the defendants were responsible for the plaintiff's costs and fees, because § 1988 is a fee-shifting statute.  658 F.3d at 332 (quoting the defendants' rule 68 offer)(emphasis in original).  The Third Circuit further concluded that the offer's phrasing disclaiming the defendants' liability "was an explicit statement that the Offer included fees and costs."  658 F.3d at 332.  The Third Circuit noted that, because a case's prevailing party is the one "'who has been awarded some relief by the court,'" and because the defendants' rule 68 offer did not expressly include fees and costs, the plaintiffs were entitled to fees and costs beyond the rule 68 offer under § 1988's fee-shifting provisions.  658 F.3d at 332 (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. DHHR, 532 U.S. 598. 603 (2001)).  Accord Bosley v. Mineral Cty. Comm'n, 650 F.3d 408, 414 (4th Cir. 2011).

Here, the Offer of Judgment provides expressly that the $25,000.00 settlement includes costs, but only costs incurred as of July 10, 2020.  The Offer of Judgment provides that the "sum set out in this offer includes all costs incurred to date, and includes all sums for reasonable attorneys' fees incurred to date."  Offer of Judgment at 1.  The Court thus concludes that the Defendants are not responsible for paying Childress' costs and attorney's fees incurred before July 10, 2020.[1]

---

[1] While the TCPA and Childress' common-law claims do not entitle her to attorney's fees or costs, see 47 U.S.C. § 227; Pascal v. Concentra, Inc., No. CIV 19-2559-JCS, 2019 U.S. Dist. LEXIS 141400 (N.D. Cal. Aug. 20, 2019)(Spero, J.)("It is undisputed that attorneys' fees are unavailable under the TCPA[.]"); Carrillo v. Compusys, Inc., 2002-NMCA-099, ¶ 10, 54 P.3d 551, 554 (noting that New Mexico has traditionally followed "the American Rule by which each litigant is ordinarily responsible for its own attorney's fees" (citing Am. Civil Liberties Union of N.M. v. City of Albuquerque, 1999-NMSC-044, ¶ 26, 992 P.2d 866, 875)), the Court notes that the New NMUPA includes a fee-shifting provision, see N.M. Stat. Ann.  § 57-12-10(c).

## II. THE COURT INCLUDES CHILDRESS' REQUESTED LANGUAGE REGARDING POST-JUDGMENT INTEREST, BUT THE COURT DOES NOT USE CHILDRESS' PROPOSED INTEREST RATE.

Childress avers that the Judgment should specify her entitlement to post-judgment interest, see Motion at 1, whereas the Defendants contend that Childress's assertion "does not mirror Defendants' offer of judgment." Response at 2, see Motion at 1. Post-judgment interest compensates a victorious plaintiff for an opposing party's delay in satisfying a judgment. See, e.g., Capielloi v. ICD Publ'ns, Inc., 720 F.3d 109, 114 (2d Cir. 2013). Because inflation tends to cause money to lose value over time, "a dollar today is worth more than a dollar in the future," and so post-judgment interest negates a party's natural incentive to withhold payment. Associated Gen. Contractors of Ohio, Inc. v. Drabik, 250 F.3d 482, 485 (6th Cir. 2001). To be an effective incentive, therefore, a post-judgment interest rate must exceed the rate of inflation. Section 1961 of Title 28 of the United States Code provides that interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).

There does not appear to be a United States Court of Appeals for the Tenth Circuit case on point addressing the relationship between § 1961(a) and judgments entered pursuant to rule 68. Some district courts have drawn a distinction between court-approved settlements and money judgments under § 1961. See Padberg v. McKechnie, No. CIV 00-3355-RJD, 2007 WL 951929, at *1 (E.D.N.Y. Mar. 27, 2007)(Gold, M.J.); Reynolds v. Ala. Dep't of Transp., No. CIV 285-665-MHT, 2006 WL 3063463, at **1-3 (M.D. Ala. Oct. 27, 2006)(Thompson, J.). These courts

conclude that court-approved settlements are not money judgments "recovered" in a district court, because they do not derive from a court- or jury-adjudicated claim. E.g., Reynolds v. Ala. Dep't of Transp., 2006 WL 3063463, at *1. The Court is in accord with the majority of courts, however, that have concluded that § 1961 does not distinguish between stipulated judgments and other judgments. See, e.g., Linneman v. Vita-Mix Corp., __ F.3d __, 2020 WL 4668561, at *12 (6th Cir. 2020); Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984)(per curiam). Rule 68's language and purpose compel this conclusion. According to the Supreme Court, a "prevailing party is one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Va. DHHR, 532 U.S. at 603 (internal quotation marks omitted). Similarly, a party "recovers" a money judgment when a court enters one in his or her favor. "Recover," Black's Law Dictionary at 1440 (4th ed. 1951). Similarly, the Federal Rules of Civil Procedure do not distinguish between stipulated judgments and judgments based on adjudicated merits. See, e.g., Fed. R. Civ. P. 23(e)(1)(B)(ii) (providing that a court may certify a proposed class "for purposes of judgment on the proposal"); Fed. R. Civ. P. 55.

Further, as a policy matter, holding § 1961 inapplicable to rule 68 judgments incentivizes a defendant to withhold payment as the agreed-upon payment depreciates in value; this concern applies equally to all money judgments, whether adjudicated or stipulated. See Cappiello v. ICD Publ'ns, Inc., 720 F.3d at 113. Finally, as the United States Court of Appeals for the Sixth Circuit has noted, that rule 68 settlements are contractual should not affect § 1961's applicability, because § 1961's text does not so differentiate, and because most Courts of Appeals, including the Tenth Circuit, have held that parties generally may incorporate § 1961 into settlements contracts provided

that their agreement is express.  See Linneman v. Vita-Mix Corp., 2020 WL 4668561, at *12 (citing, e.g., In re Riebesell, 586 F.3d 782, 794 (10th Cir. 2009)).

Section 1961, accordingly, applies to rule 68 settlement agreements and, consistent with rule 68, a settling party may only escape responsibility for post-judgment interest by express disclaimer. Because the Offer of Judgment does not expressly disclaim the Defendants' presumed obligation to pay post-judgment interest, the Court agrees with Childress' position.  Under 28 U.S.C. § 1961, the applicable post-judgment interest rate for a civil judgment entered the week of August 31, 2020, is .13%.  See 28 U.S.C. § 1961(a); "Selected Interest Rates (Daily) - H/15," Bd. of Governors of the Fed. Reserve Sys. (Aug. 28, 2020), https://www.federalreserve.gov/releases/h15/ (last accessed Aug. 28, 2020).

### III. THE DEFENDANTS ARE ENTITLED TO A LIABILITY DISCLAIMER IN THE JUDGMENT.

A valid rule 68 offer allows judgment against the defendant, but such an offer does not require an admission of liability.  See Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 764 n.6 (4th Cir. 2011)(noting that rule 68 offers do not "require[] an admission of liability by the defendant").  Nonetheless, once the plaintiff accepts the offer, he or she becomes the prevailing party for costs and fee purposes.  See, e.g., Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009)(Holwell, J.)(holding that a rule 68 offer's disclaimer of liability does not negate the plaintiff's status as the prevailing party for purposes of awarding fees and costs (citing Maher v. Gagne, 448 U.S. 122 (1980)).  Accordingly, an offer's disclaimer of fault or liability does not render the offer invalid under rule 68.  See, e.g., Jolly v. Coughlin, No. CIV 92-9026-JGK, 1999 WL 20895, at *5 (S.D.N.Y. Jan. 19, 1999)(Koeltl, J.).  Conversely, a rule 68 offer need not admit liability.  See Staples v. Wickesberg, 122 F.R.D. 541, 544 (E.D. Wis.

1988)(Evans, J.); Jolly v. Coughlin, 1999 WL 20895, at *8 ("Rule 68 does not require that offers of judgment include[] admissions of liability.").

Here, the Offer of Judgment expressly disclaims any admission of liability or fault on the Defendants' part.  See Offer at 1.  The Offer of Judgment provides that "neither it nor any judgment that may result from this offer may be construed either as an admission of liability on the part of Defendants or that Plaintiff has suffered any damage."  Offer of Judgment at 1.  Childress accepted that offer without reservation.  See Acceptance at 1.  Because a court's entry of judgment must mirror a rule 68 agreement's terms, see, Marek v. Chesny, 473 U.S. at 10, the Court concludes that the Defendants are entitled to their requested language in the Judgment.  The Court thus will include language that the Judgment does not constitute an admission of liability on the Defendants' part or that Childress has suffered any damage.

**IT IS ORDERED** that: (i) the Motion for Entry of Judgment, filed July 29, 2020 (Doc. 47), is granted in part and denied in part; (ii) the Defendants' Offer of Judgment of $25,000.00 includes attorney's fees and costs incurred before July 10, 2020; (iii) Childress is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961; (iv) the Defendants are entitled to a disclaimer of liability and damages in the Final Judgment; and (v) the Court will enter a separate Final Judgment consistent with this Memorandum Opinion and Order disposing of this case.

    _____
    UNITED STATES DISTRICT JUDGE

*Counsel:*

Sid Childress
Sid Childress, Lawyer
Santa Fe, New Mexico

    *Attorney for the Plaintiff*

Greg Biehler
Lewis Brisbois Bisgaard & Smith, LLP
Albuquerque, New Mexico

--and--

Allison M. Scott
Ashley R. Fickel
Dykema Gossett LLP
Los Angeles, California

    *Attorneys for the Defendants*